UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Bradly Allen McHorse, | Court File No. 14-cv-3166 (JNE/LIB) |
| Plaintiff, | **ORDER** |
| | **and** |
| v. | **REPORT AND RECOMMENDATION** |
| Lucinda Jesson,<br>c/o Minnesota Department of Human Services, | |
| Defendant. | |

---

This matter comes before the undersigned United States Magistrate Judge upon Plaintiff Bradly Allen McHorse's application for leave to proceed *in forma pauperis* ("IFP"). (See [Docket No. 2]). The Court cannot grant Plaintiff's IFP application because Plaintiff's Complaint fails to state a claim upon which relief may be granted and is subject to summary dismissal.

On or about August 14, 2014, Plaintiff initiated the present action by filing a Complaint for relief pursuant to 42 U.S.C. § 1983, accompanied by an IFP application. A court will deny an IFP application and dismiss the action when a plaintiff has filed a complaint that fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); Atkinson v. Bohn, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam). To state a cause of action on which relief may be granted, a complaint must allege a set of historical facts, which, if proven true, would entitle the plaintiff to some legal redress against the named defendants, based on some cognizable legal theory. While federal courts must "view pro se pleadings liberally, such pleadings may not be merely conclusory: the complaint must allege facts, which if true, state a claim as a matter of law." Martin v. Aubuchon, 623 F.2d 1282, 1286 (8th Cir. 1980) (emphasis added).

It appears to the Court that Plaintiff is currently civilly committed to the Minnesota Security

Hospital in St. Peter, Minnesota as mentally ill and dangerous, by order of the Clay County District Court, (Exhibits to Compl. [Docket No. 1-1], at 3), and it appears that a judgment in his favor in this case could cast doubt on the legality of his confinement. In his Complaint, Plaintiff refers to his current confinement as "unnecessary detainment" and contrary to law. (Compl. [Docket No. 1], at 3). Plaintiff explicitly claims that he is eligible for release from the facility and that, accordingly, his continued confinement is unconstitutional. (Id. at 4). Plaintiff requests relief in the form of monetary damages for his "unconstitutional confinement," an order compelling the Minnesota Department of Human Services to review Plaintiff's confinement, and an order prohibiting the Minnesota Department of Human Services from unconstitutionally confining him in the future. (Id. at 5).

It is apparent to the Court that vindication of the claims alleged in Plaintiff's Complaint would necessarily imply that Plaintiff is being wrongly confined, and, as a result, the Undersigned recommends dismissal. It is well established that an individual who is confined pursuant to a state court judgment can challenge his or her confinement, in federal court, only by filing a petition for a writ of habeas corpus under 28 U.S.C. § 2254. See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973) ("when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus") (emphasis added). In Heck v. Humphey, 512 U.S. 477 (1994), the Supreme Court reaffirmed the longstanding rule that prohibits a state detainee from challenging the legality of his confinement in a federal civil rights action. See id. at 481 (Preiser "held that habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983").

Even when a plaintiff seeks only money damages, he cannot bring a non-habeas civil action that would effectively "call into question the lawfulness of [his] conviction or confinement." Heck, 512 U.S. at 483. According to Heck

> "[I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid . . ., plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. . . . [T]he district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated."

Id. at 486-87 (footnote omitted) (emphasis added).[1]

Because of the inadequacy of Plaintiff's Complaint, the Court cannot grant his IFP application. Based on the above, and upon all the files, records, and proceedings herein,

**IT IS HEREBY ORDERED:**

1. That Plaintiff's application for leave to proceed *in forma pauperis*, [Docket No. 2], is **DENIED**; and

**IT IS HEREBY RECOMMENDED:**

---

[1] The Court recognizes that Plaintiff is not presently challenging a state criminal conviction or sentence, and that he is confined pursuant to a civil commitment judgment, not a criminal judgment. However, the rule set forth in Preiser, and reiterated in Heck, is fully applicable to state detainees who are confined by reason of a civil commitment order, rather than a prison sentence. See Carter v. Bickhaus, 142 Fed. Appx. 937, 938 (8th Cir. 2005) (unpublished opinion) ("[a]s for [a civilly committed civil rights complainant's] request for release, we agree with the district court that such relief is not available under 42 U.S.C. § 1983, but is properly sought in a habeas corpus petition after exhaustion of state remedies") (citing Preiser); Wertz v. County of Blair, 469 Fed. Appx. 73, 74 (3rd Cir. 2012) (unpublished opinion) ("[t]o the extent that . . . [a civil rights complainant] states in his complaint that he seeks immediate release from civil commitment, we note that his sole federal remedy is a writ of habeas corpus") (citing Preiser).

2.      That the present case be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), for reasons articulated above.

Dated: August 25, 2014

                                                s/Leo I. Brisbois
                                                Leo I. Brisbois
                                                U.S. MAGISTRATE JUDGE

**N O T I C E**

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties **by September 8, 2014**, a writing that specifically identifies the portions of the Report to which objections are made and the bases for each objection. A party may respond to the objections **by September 22, 2014**. Written submissions by any party shall comply with the applicable word limitations provided for in the Local Rules. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. This Report and Recommendation does not constitute an order or judgment from the District Court, and it is therefore not directly appealable to the Court of Appeals.